UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                               Case No. 3:24-cr-99(2)

vs.

DEANTHONY DEWBERRY,                  District Judge Michael J. Newman

    Defendant.

---

**ORDER DENYING DEFENDANT DEANTHONY DEWBERRY'S REQUEST FOR A HEARING PURSUANT TO *FRANKS v. DELAWARE*, 438 U.S. 154 (1978)**
**(Doc. No. 68)**

---

Defendant Deanthony Dewberry was indicted on seven felony counts of drug-related crimes including, among others, conspiracy to possess, and possession with intent to distribute methamphetamine, fentanyl, cocaine, and fluorofentanyl; possession of a firearm in furtherance of a drug trafficking crime; being a felon in possession of a firearm; and using and maintaining a drug premises. Doc. No. 29.[1]

The case is pending on Defendant's request for a hearing—pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978)—to challenge the affidavit presented by one or more law enforcement officials in support of a search warrant application. Doc. No. 68. This request appears in Defendant's supplement to his motion to suppress. *Id.* The Government opposes Defendant's motion. Doc. No. 73 at PageID 350-51. Defendant did not file a reply to the Government's opposition memorandum. Thus, this matter is ripe for review.

---

[1] The indictment contains a total of 10 felony counts and raises one or more charges against another defendant. Doc. No. 29.

## I. Background

Defendant's *Franks* hearing motion alleges that the confidential informants were unreliable. Doc. No. 68 at PageID 190. Defendant explains, "In this case, not only is the [a]ffidavit devoid of reasons to believe the informants are reliable, but to the contrary, there are good reasons to believe that these individuals have a self-serving motive to lie." *Id.* Defendant does not point to any specific affidavit or search warrant. *See id.* Defendant also does not provide any exhibits or affidavits to support his assertion that the confidential informants were unreliable. *See generally id.*

## II. Analysis

A presumption of validity attaches to a law enforcement officer's affidavit supporting a search warrant. *Franks*, 438 U.S. at 171; *see United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019). To overcome this presumption, a defendant "bears a heavy burden." *Bateman*, 945 F.3d at 1008.

"A *Franks* hearing gives a defendant an opportunity to show that a search-warrant affidavit contains knowing, intentional, or reckless misrepresentations that undermine the finding of probable cause." *United States v. Dutton*, No. 24-5200, 2025 WL 769639, at *4 (6th Cir. Mar. 11, 2025) (citing *Franks*, 438 U.S. at 171). The Court must hold a *Franks* hearing when a defendant: "'1) makes a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit; and 2) proves that the false statement or material omission is necessary to the probable cause finding in the affidavit.'" *United States v. Young*, 847 F.3d 328, 348-49 (6th Cir. 2017) (quoting *United States v. Pirosko*, 787 F.3d 358, 369 (6th Cir. 2015)). "A law enforcement officer's statement is only considered to be issued with 'reckless disregard for the truth' if a defendant shows

that the affiant subjectively 'entertain[ed] serious doubts as to the truth of his [or her] allegations.'" *Bateman*, 945 F.3d at 1008 (6th Cir. 2019) (quoting *United States v. Cican*, Fed. App'x 832, 835 (6th Cir. 2003)). "Allegations of [an officer's] negligence or innocent mistake are insufficient." *Id*. (citing *Franks*, 438 U.S. at 171). Defendant "must accompany his allegations with an offer of proof. Moreover, he also should provide supporting affidavits or explain their absence." *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990) (citations omitted)

Turning to Defendant's challenge, he does not identify any statement by any affiant that is purportedly false, misleading, or made with reckless disregard for the truth. *See* Doc. No. 68. This alone constitutes reason enough to deny his request for a *Franks* hearing. *See Bateman*, 945 F.3d at 1008 ("a defendant must 'point out specifically the portion of the warrant affidavit that is claimed to be false.'" (quoting *Franks*, 438 U.S. at 170)). Defendant also did not provide any "supporting affidavits or explain their absence" to support his argument that there "are good reasons to believe that [the confidential informants] have a self-serving motive to lie." *United States v. Bennett*, 905 F.2d at 934; Doc. No. 68 at PageID 190. Accordingly, Defendant has not made a substantial preliminary showing that any statement by an affiant is false, misleading, or made with reckless disregard for the truth. *See* Doc. No. 68. Consequently, his request for a *Franks* hearing lacks merit. *See Young*, 847 F.3d at 348-49; *Bateman*, 945 F.3d at 1008.

### III. Conclusion

Defendant's request for a *Franks* hearing is **DENIED**.

**IT IS SO ORDERED.**

June 18, 2025                                                          s/*Michael J. Newman*
                                                                                           Hon. Michael J. Newman
                                                                                           United States District Judge