UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                   Case No. 3:24-cr-99(2)

vs.

DEANTHONY DEWBERRY,             District Judge Michael J. Newman

    Defendant.

---

**ORDER DENYING DEFENDANT DEANTHONY DEWBERRY'S MOTIONS TO SUPPRESS (Doc. Nos. 57, 59)**

---

Now before the Court are Defendant Deanthony Dewberry's motions to suppress evidence (Doc. Nos. 57, 59, 68),[1] filed with the assistance of counsel.  The Government filed a memorandum in opposition.  Doc. No. 73.  The Court has carefully reviewed and considered each document.  The Court denied Defendant's motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).  Accordingly, the motions to suppress are ripe for review.

**I.**

In the motions to suppress, Defendant contends the affidavits supporting the warrant applications lack particularity and are insufficient to demonstrate probable cause to support the issuance of the search warrants for 1319 West Stewart Street in Dayton, Ohio; 3001 Palmerston Avenue in Dayton, Ohio; and 235 South Ardmore Avenue in Dayton, Ohio.  Doc. Nos. 57 at PageID 158-60; Doc. No. 59 at PageID 164-66.  Defendant also alleges the affidavits are

---

[1] The Court notes that Defendant's second motion to suppress (Doc. No. 59) is a duplicate of his first motion to suppress (Doc. No. 57).  *Compare* Doc. No. 57 *with* Doc. No. 59.  Defendant states that his third motion to suppress "supplement[s] his [m]otion to [s]uppress."  Doc. No. 68 at PageID 188.

insufficient to demonstrate probable cause to support the search warrants for the cell phones found at, and seized from, the residences. Doc. No. 57 at PageID 160; Doc. No. 59 at PageID 166.

## II.

This Court has previously set forth the legal standards for resolving a motion to suppress and incorporates those standards herein. *See United States v. Piner*, No. 3:21-CR-89, 2022 WL 622133, at **2–3 (S.D. Ohio Mar. 3, 2022). It suffices to briefly say the Fourth Amendment forbids "unreasonable searches and seizures" and provides, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. art. IV. "[P]robable cause exists when an affidavit shows a 'fair probability' that criminal evidence will be found in the place to be searched." *United States v. Moore*, 999 F.3d 993, 996 (6th Cir. 2021). "Great deference" extends to the issuing judge's probable cause determination. *Id.* The required analysis considers "the affidavit's four corners to determine whether, under the totality of the circumstances, the low bar of probable cause has been overcome." *Id.* (citing *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006)). *Accord United States v. Christian*, 925 F.3d 305, 311-12 (6th Cir. 2019) (*en banc*) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (clarifying the district court must employ "great deference" when considering the issuing judge's probable cause determination and should "overturn that decision only if the [issuing judge] arbitrarily exercised [the judge's] authority.")).

## III.

Having carefully and thoroughly reviewed the motion papers, the affidavits and warrants at issue, and the parties' arguments, the Court finds the motions lack merit. Assuming, *arguendo*, that Defendant has standing to raise the concerns here at issue, the affidavits set forth ample indicia

of probable cause; are sufficiently particular as to the items to be searched; demonstrate the required "probable cause nexus," *see United States v. Sanders*, 106 F.4th 455, 460-61 (6th Cir. 2024) (*en banc*), and are neither vague nor conclusory. *See id.* at 462 (citing *D.C. v. Wesby*, 583 U.S. 48, 57 (2018), and noting that "probable cause is not a 'high bar'"). These are also not "bare bones" warrants that might merit striking. *Cf. United States v. Peterson*, No. 23-1413, 2024 WL 4616079, at * 3 (6th Cir. Oct. 30, 2024). Moreover, even if the Court were to now find the warrants lacking—which it does not—the officers relied in good faith on the search warrants at issue and the good faith exception would apply. *See United States v. Leon*, 468 U.S. 897, 922-24 (1984).

## IV.

Defendant's motions, therefore, are **DENIED.**

**IT IS SO ORDERED.**

June 18, 2025    s/*Michael J. Newman*
　　　　　　　　　Hon. Michael J. Newman
　　　　　　　　　United States District Judge